**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT JOSEPH WALLACE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CELLCO PARTNERSHIP, et al.,<br><br>　　　　　Defendants. | ) NO. CV 14-8052 DSF (AS);<br>) NO. CV 15-8680 DSF (AS)<br>)<br>)<br>) **ORDER TO SHOW CAUSE**<br>)<br>)<br>)<br>) |

　　On October 17, 2014, in case no. CV 14-8052 DSF (AS) ("Wallace I"), pro se plaintiff Scott Joseph Wallace ("Plaintiff") filed a Complaint against the following defendants: (1) the City of Los Angeles ("City"); (2) the Los Angeles Police Department ("LAPD"); (3) LAPD Chief Charlie Beck, in his individual and official capacities; (4) Cellco Partnership dba Verizon ("Verizon"); (5) AT&T, Inc.; (6) Harris Wireless Products Group, Inc. ("Harris Wireless"); (7) the Federal Bureau of Investigation ("FBI"); and (8) former Los Angeles County Sheriff Lee Baca. On December 17, 2014, AT&T, Inc., filed a Motion to Dismiss the Complaint for lack of personal jurisdiction, which the Court granted on February 9, 2015, dismissing AT&T, Inc., from the

action without leave to amend.  The Court also sua sponte dismissed Plaintiff's claims against the FBI, LAPD, and Chief Beck and former Sheriff Baca in their official capacities without leave to amend, dismissed Plaintiff's claims under 18 U.S.C. §§ 241 and 3121 without leave to amend, and dismissed the remainder of Plaintiff's Complaint with leave to amend.

On April 24, 2015, Plaintiff filed a First Amended Complaint in Wallace I against Verizon, Harris Corp. ("Harris"), AT&T Mobility LLC ("AT&T"), the City, Chief Beck in his individual capacity, and Does 1-10.  On May 8, 2015, the Court dismissed the First Amended Complaint with leave to amend.  On June 8, 2015, Plaintiff filed a Second Amended Complaint in Wallace I against Verizon, Harris, AT&T, the City, Chief Beck in his individual capacity, and Does 1-10.  Plaintiff's Second Amended Complaint in Wallace I remains pending.

On March 4, 2015, Plaintiff filed a Complaint in Los Angeles County Superior Court against various defendants ("Superior Court action").  (Wallace v. Cellco Partners, et al., CV 15-8680 DSF (AS), Dkt. No. 1, Declaration of Elizabeth Greenwood ("Greenwood Decl."), ¶¶ 1-2, Exh. 1).  On May 18, 2015, Plaintiff filed a First Amended Complaint in the Superior Court action against Verizon, Harris, AT&T, the City, Mayor Eric Garcetti, Chief Beck and Does 1-10.  (Greenwood Decl., ¶¶ 1-2, Exh. 6).  On November 6, 2015, the Superior Court action was removed to this Court and assigned case no. CV 15-8680 DSF (AS) ("Wallace II").  On March 21, 2016, Plaintiff filed a Second Amended Complaint in Wallace II against Verizon, Harris, AT&T, the City, Mayor

Garcetti, Chief Beck and Does 1-10. Plaintiff's Second Amended Complaint in Wallace II remains pending.

At the time Plaintiff filed Wallace I and Wallace II, Rule 4(m) of the Federal Rules of Civil Procedure provided, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (2015).[1] Having reviewed the records in Wallace I and Wallace II, it appears that Plaintiff has failed to serve Chief Beck or Harris in either case and Mayor Garcetti in Wallace II.[2]

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff shall, within thirty (30) days from the date of this Order, show cause in writing why these actions should not be dismissed without prejudice against Chief Beck and Harris and why Wallace II should not be dismissed without prejudice against Mayor Garcetti, for failure to effect service of process within the time specified in Fed. R. Civ. P. 4(m). Failure to file timely a written response to this Order may result in dismissal of

---

[1] Effective December 1, 2015, Rule 4(m) was amended to shorten the time limit for service from 120 days to 90 days. See Fed. R. Civ. P. 4(m) (2016).

[2] In Wallace I, Plaintiff filed a Proof of Service of Summons as to Harris Wireless, purportedly a California Corporation, but not as to Harris, purportedly a Florida corporation. (See Wallace I, Dkt. No. 13, Complaint ¶ 10 (Harris Wireless is a California corporation), SAC ¶ 32 (Harris is a Florida corporation)). And even as to Harris Wireless, the Court previously noted that Plaintiff's proof of service was deficient. (See Wallace I Dkt. No. 15 at 1).

1  this action against defendants Mayor Garcetti, Chief Beck and Harris
2  for failure to effect service of process within the time specified by
3  Rule 4(m) of the Federal Rules of Civil Procedure and for failure to
4  prosecute.

6  DATED: August 4, 2016

```
                                    /s/
                              ALKA SAGAR
                     UNITED STATES MAGISTRATE JUDGE
```